UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FIP REALTY CO., LTD,**

    **Plaintiff,**

                                                  Civil Action 2:19-cv-3291
    v.                                        Chief Judge Algenon L. Marbley
                                                  Chief Magistrate Judge Elizabeth P. Deavers

**INGERSOLL-RAND plc,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff FIP Realty Co., Ltd's Motion to Quash Subpoenas (ECF No. 30). Defendants have filed a Memorandum in Opposition (ECF No. 34), and Plaintiff has filed a Reply (ECF No. 35). For the reasons that follow, the Motion to Quash is **DENIED**, but the three subject subpoenas are nevertheless **QUASHED** as untimely.

**I.**

This case arises under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.* ("CERCLA") and the Ohio Voluntary Action Program ("VAP"), Ohio Rev. Code § 3746.23. (*See generally* Complaint, ECF No. 1.) On July 29, 2019, Plaintiff filed a Complaint, seeking to recover the costs of environmental investigation and remediation that Plaintiff performed, alleging that Defendants' predecessors, who once operated manufacturing facilities at Plaintiff's site, caused the contamination. (*Id.*) On October 24, 2019, this Court set a case schedule, including a fact discovery deadline of February 20, 2020. (ECF No. 10.) Since then, this Court has extended various case deadlines, including multiple extensions of the fact discovery deadline until July 17, 2020. (ECF Nos. 16, 19, 23, 26.)

On August 17, 2020, Defendants filed a Motion for Summary Judgment, generally arguing that Plaintiff's claims are either time-barred or otherwise statutorily precluded as a matter of law.  (ECF No. 27.)  On September 8, 2020, Plaintiff filed an Opposition to the Motion for Summary Judgment.  (ECF No. 28.)  Three days later, on September 11, 2020, counsel for Defendants served third-party subpoenas, seeking depositions of three representatives of the Ohio Environmental Protection Agency ("OEPA"): Tonya Andrews; Clint White; and a Rule 30(b)(6) representative of the OEPA.  (*See* ECF Nos. 30-2, 30-3, 30-4.)  On September 15, 2020, Plaintiff filed the subject Motion to Quash, asking this Court to quash all three of the OEPA subpoenas.  (ECF No. 30.)

Plaintiff generally raises three arguments in support of its Motion to Quash: (1) the subpoenas are untimely; (2) the focus of the subpoenas is already part of the summary judgment briefing; and (3) the subpoenas are deficient because Defendants fail to provide proper notice.  (*See generally* ECF Nos. 30, 30-1.)  In response, Defendants argue that: (1) Plaintiff lacks standing to quash the non-party subpoenas; (2) Plaintiff fails to identify a proper basis to quash; (3) Defendants could not reasonably have foreseen the need to depose an OEPA representative prior to the close of discovery, because the need for the OEPA testimony only arose after Plaintiff filed its Response to the Motion for Summary Judgment; and (4) Plaintiff is not prejudiced by the subpoenas.  (*See generally* ECF No. 34.)  In reply, Plaintiff reiterates that the subpoenas are untimely, highly prejudicial, unduly burdensome, and should be quashed.  (*See generally* ECF No. 35.)  Plaintiff highlights the timeline of discovery in this case, and repeatedly argues that the subpoenas are a "waste of time and resources."  (*Id.*)  Plaintiff disagrees that the issue only arose during the summary judgment briefing, and indicates that Defendants have been on notice of the issue since the beginning of the case.  (*Id.*)

2

**II.**

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," requires a non-party to travel more than 100 miles, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

**III.**

As a preliminary matter, this Court finds that Plaintiff does not have standing to move to quash the subpoenas. Typically, a party does not have standing to challenge a subpoena issued to a non-party. Where a party successfully asserts "'some personal right or privilege with regard to the documents sought,'" however, that party will have standing. *Mann v. University of Cincinnati*, Nos. 95-3195 and 953292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (1995)); *see also Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6 2009) (noting that a party would have standing to move to quash a subpoena served upon a nonparty if that party had "a claim of some sort of personal right or privilege"). "Personal rights or privileges supporting a claim to standing 'have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal

3

records.'" *Riding Films, Inc. v. John Does 129-193*, No. 2:13-CV-46, 2013 WL 3322221, at *4 (S.D. Ohio July 1, 2013) (quoting *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis,* No. 1:11-CV-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)). The issue of standing "is a threshold issue which the Court must consider before addressing the merits" of any challenges to the subject subpoenas. *Waite, Schneider, Bayless & Chesley Co. L.P.A.*, 2013 WL 146362, at *5.

Here, Plaintiff fails to argue it has any "personal right or privilege" sufficient to grant it standing to move to quash the OEPA subpoenas. Instead, Plaintiff simply states it has a "right and legitimate interest in seeing the litigation move forward and avoiding the undue burden and prejudicial nature" of the subpoenas. (ECF No. 35 at PAGEID # 785.) This assertion, however, does not confer standing upon Plaintiff. Plaintiff's "interest in seeing the litigation move forward" is irrelevant, and "only the entity responding to a subpoena has standing to challenge the subpoena on the basis of undue burden." *Riding Films, Inc.*, 2013 WL 3322221, at *6 (collecting cases). As Defendants point out, the subjects of the three subpoenas "ha[ve] not objected to the subpoenas, ha[ve] not moved to quash them, and ha[ve] expressed a willingness to comply with their requirements." (ECF No. 34 at PAGEID # 775.) In this instance, it is the three deponents who have standing to quash the subpoenas. Notably, they have not sought such relief. Plaintiff may not do so for them.

Plaintiff raises several arguments regarding why the Court should quash the subpoenas. Regardless of whether these arguments are well-founded, however, Plaintiff has no standing to move to quash. This Court "will not examine the merits of relief which it has no power under [Fed. R. Civ. Pro. 45(d)(3)] to grant." *Hackmann*, 2009 WL 330314, at *2; *see also Myers v. Bricklayers & Masons Local 22 Pension Plan*, No. 3:13-CV-75, 2013 WL 12130290, at *1 (S.D.

4

Ohio Nov. 25, 2013) ("In this case, Plaintiffs do not assert any recognized claim of privilege in the documents requested. As such, they have no standing to move to quash the subpoenas.") (citing *Hackmann*)).

Accordingly, because Plaintiff lacks standing to challenge the third party subpoenas, the Motion to Quash must be **DENIED** on that procedural basis.

**IV.**

Notwithstanding the above, this Court is obliged to address the timing of the subject subpoenas. As Plaintiff correctly observed, "a subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." (ECF No. 30-1 at PAGEID # 646 (citing *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10CV00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011)).) Rule 45 subpoenas are subject to the same scheduling order deadlines as other forms of discovery. *Estate of Tierney v. Shellberg*, No. 1:08-CV-866, 2011 WL 13202376, at *2 (S.D. Ohio Jan. 5, 2011) ("[A] Rule 45 subpoena seeking documents from a third-party has generally been held to constitute discovery that is subject to the same deadlines that apply to all other formal discovery.") (quoting *Fritz v. Charter Tp. of Comstock*, Case No. 1:07-cv-1254, 2010 WL 1856481, at *1 (W.D. Mich. May 10, 2010)).

By Defendants' own admission, the subpoenas were served nearly two months after the close of discovery, without leave of court. (ECF No. 34 at PAGEID # 779.) This Court does not take such open defiance of its scheduling orders lightly. Further, the Court is wary to suggest that any party may circumvent a scheduling order simply by serving a third-party subpoena and hoping the subject of the subpoena does not object. That is not how the Federal Rules of Civil Procedure work. The subpoenas were issued nearly two months after the close of discovery, and

the facts that Plaintiff does not have standing to object and the OEPA deponents do not object do not overcome that reality.  The subpoenas, therefore, may be quashed by this Court as untimely. *See Galloway v. Islands Mech. Contractor, Inc.*, No. 1:08-cv-00071, 2013 WL 163985, at *4 (D.V.I. Jan. 14, 2013) (citing *Jefferson v. Biogen IDEC Inc.,* No. 5:11-cv-00237, 2012 WL 1150415, at *2 (E.D.N.C. Apr. 5, 2012) (ruling that defendant had not asserted sufficient standing to quash subpoenas issued to non-party; nonetheless, the court quashed the subpoenas upon its own motion because, *inter alia,* the subpoenas were served weeks after the completion of discovery and thus untimely); *Peterbilt of Great Bend, LLC v. Doonan,* No. 6:05-cv-01281, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (holding that although a party did not have standing to move to quash a subpoena directed to a non-party, the court would nevertheless quash the subpoena because it was issued outside the discovery period established by the court); *Revander v. Denman,* No. 1:00-cv-01810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004) ("Although a party generally does not have standing to challenge a subpoena issued to a third-party witness unless a personal privacy right or privilege is implicated, the Court, in the exercise of its discretion, may deny a subpoena request when it finds that there is no reason why the subpoena could not have been brought during the discovery period."); *McNerney v. Archer Daniels Midland Co*., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (opining that even if a party does not have standing to object to a subpoena issued to a third-party witness, a more "fundamental problem[ ]" with the subpoena arises when the opposing party "is seeking to conduct discovery after the deadline for completing discovery has passed" and, under those circumstances, "the subpoenas and discovery requests should be denied.")).

That said, this Court has the ability to modify a case schedule for good cause.  *See* Fed. R. Civ. P. 16(b)(4).  To the extent Defendants wish for this Court to construe their Memorandum

6

in Opposition to Plaintiff's Motion to Quash Subpoenas, ECF No. 34, as a motion to extend the case schedule to permit the issuance of these subpoenas, Defendants must demonstrate that good cause exists.  *See Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-CV-432, 2016 WL 305168, at *3 (S.D. Ohio Jan. 26, 2016) ("When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.") (citing Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quotation omitted).  "Another important consideration [. . .] is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

This Court is not satisfied that Defendants acted diligently in attempting to meet the case management order's requirements.  During discovery, Defendants obtained OEPA records and the deposition of Plaintiff's Certified Professional, which Defendants argue "conclusively established that Plaintiff's NFA was submitted and received on July 25, 2016."  (*See* ECF No. 34 at PAGEID # 779.)  This argument proves that Plaintiff is correct that Defendants were aware of this issue during the discovery process.  (*See* ECF No. 35 at PAGEID # 786.)  Indeed, Defendants claimed in the summary judgment briefing that they now have "[a] mountain of evidence" to refute the "erroneous reference" that the NFA letter was submitted on July 29,

2016, implicitly conceding that they knew what Plaintiff's rebuttal would be. (ECF No. 27 at PAGEID # 94.)

For that reason, the Court also disagrees with Defendants that "[i]t was not until Plaintiff filed its Response to [the] Motion for Summary Judgment . . . that the need for additional testimony from [the OEPA] arose." (*See* ECF No. 34 at PAGEID # 780.)  Plaintiff did not introduce any new argument or evidence in its Response to the Motion for Summary Judgment; it merely cited the two Director's Final Findings and Orders ("DFFOs") which state that the NFA Letter "was submitted on July 29, 2016." (ECF No. 28 at PAGEID # 309, citing ECF No. 28-8, 28-9.)  Defendants knew such statements would serve as the basis for Plaintiff's position on this issue, and Defendants used the discovery process to preemptively refute them. Defendants now seek additional OEPA testimony "to demonstrate that Plaintiff's reliance upon the DFFO[s] is misplaced since it contradicts all of the other evidence as to the earlier submittal date of the NFA Letter, including one sworn testimony of Plaintiff's own agent," ECF No. 34 at PAGEID # 780.  But Defendants do not explain why they did not seek this testimony before the close of discovery.  Further, this Court is not convinced that the subpoenaed testimony will add anything:  even if the OEPA witnesses' testimony is consistent with the rest of Defendants' "mountain of evidence," the DFFOs are public documents that speak for themselves.[1]

Defendants have indicated that the OEPA "has not objected to the subpoenas, has not moved to quash them, and has expressed a willingness to comply with their requirements," ECF No. 34 at PAGEID # 775.  Yet the OEPA's willingness to cooperate does not preempt the case

---

[1] Defendants have failed to explain the significance of the three OEPA witnesses.  Nevertheless, this Court observes that Defendants have not subpoenaed Craig W. Butler or Laurie A. Stevenson, the authors of the DFFOs. (*See* ECF No. 28-8 at PAGEID # 466; ECF No. 28-9 at PAGEID # 477.)

schedule set by this Court.  If this testimony were so vital to Defendants' case, then Defendants should have issued the subpoenas well before the close of discovery.  These are not extraordinary circumstances, and this Court is not inclined to grant Defendants an extra bite at the discovery apple that it should have sought months ago.

Because the Court finds that Defendants did not act diligently in attempting to meet the case management order's requirements, Defendants have failed to demonstrate good cause for an extension of the discovery deadline.  Accordingly, because the three subject subpoenas, *see* ECF No. 30-2, 30-3, 30-4, all were issued well after the discovery deadline, they must be **QUASHED** as untimely.

## V.

Because Plaintiff lacks standing to challenge the third party subpoenas, its Motion to Quash (ECF No. 30) is **DENIED** as a matter of procedure.  Because the subpoenas are untimely and Defendants have failed to demonstrate good cause for this Court to grant a limited extension of the discovery deadline, however, the subpoenas are nevertheless **QUASHED**.  Defendants shall file a Reply brief in support of their Motion for Summary Judgment, ECF No. 27, by **OCTOBER 28, 2020**.

**IT IS SO ORDERED.**

Date: October 14, 2020
/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE